IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GERMAN RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0419 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner GERMAN RODRIGUEZ. By his habeas application, petitioner challenges a October 1, 2003 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offenses of assaulting an officer and failing to obey an order. Petitioner was punished with the forfeiture of 90 days previously accrued good time credits.[1]

Following the finding of guilty in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied on October 14, 2003. Petitioner then filed a Step 2 grievance which was denied on November 13, 2003. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus

---

[1]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

should be DENIED.

I.
STATE COURT CONVICTIONS

According to petitioner, he is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment and sentence out of the 337th Judicial District Court of Harris County, Texas for the offense Driving While Intoxicated. Petitioner contends he was sentenced, on March 7, 1996, to a term of imprisonment of twenty-five (25) years.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20040030942 in the following respects:

1. Petitioner's right to have "meaningful assistance' from a prison employee [substitute counsel] to prepare a defense was deliberately denied;

2. Petitioner's right to confront and cross-examine witnesses Jennifer Edwards was denied;

3. Two falsified written statements were admitted into evidence and petitioner was denied his right to confront and cross-examine the authors, officers Marquez and Nielsen; and

4. The evidence was insufficient to support the charge and was the result of a conspiracy.

III.
MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

A.
Counsel Substitute

Petitioner alleges his appointed counsel substitute was ineffective for failing to call inmate Cole and for failing to investigate this case and for failing to interview inmate witnesses who were present at the time of the incident. Petitioner's ineffective assistance claim is without merit. The United States Supreme Court has held "inmates do not 'have a right to either retained

or appointed counsel in disciplinary hearings.'"  *Baxter v. Palmigiano,* 425 U.S. 308, 315, 96 S.Ct. 1551, 1556 (1976) (citing *Wolff,* 418 U.S. at 570, 94 S.Ct. at 2981).  Under *Baxter*, petitioner may not complain about the inadequacy of his counsel substitute at the disciplinary hearing since he was not entitled to representation.  This claim must fail.

### B.
### Right to Cross-Examine Witnesses

Petitioner alleges, in his second and third claims, he was denied the right to cross-examine three witnesses, officer Edwards, the victim, and officers Marquez and Nielsen.  Regarding officer Edwards, petitioner appears to complain she failed to answer one of his questions because the hearing officer answered it instead.  Regarding officers Marquez and Nielsen, petitioner complains their statements were fabricated and introduced into evidence and that he was denied his right to cross-examine these witnesses.

Petitioner has not specifically alleged such, but treating his claim as a complaint that he was denied the right to call, or have present, officers Marquez and Nielsen, presumably in order to cross-examine them, petitioner is not entitled to relief on the basis of a denial of these witnesses.  The right to call witnesses at a prison disciplinary hearing is not absolute.  Prison officials may deny a request when the projected testimony is irrelevant, is unnecessary, or creates a hazard to institutional safety or correctional goals.  In *Ponte v. Real*, 471 U.S. 491, 499, 105 S.Ct. 2192, 2197, 85 L.Ed.2d 553 (1985), the Supreme Court remarked that the discretion of prison officials was so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses] . . . will rarely, if ever, be successful." This case does not present one of those rare instances where the denial of these witnesses, if such was erroneous, justifies relief to petitioner.  Petitioner has also contended the statements

introduced authored by these officers were false. Petitioner has not demonstrated the disciplinary charges brought against him were false, that the finding of guilt was based on false evidence, what evidence was false, or the manner in which such evidence was false. Petitioner is not entitled to habeas relief on this ground.

Finally, petitioner contends he was denied the right to cross-examine the charging officer, Edwards, because the hearing officer answered a question for her. Again, petitioner's rights in this regard are not absolute. If a question is irrelevant, duplicative or otherwise inappropriate, the hearing officer is within his discretion to curtail any such line of questioning, just as in any adversary legal process. Petitioner has not demonstrated how his rights were violated in this instance and his claim should be denied.

### C.
### Sufficiency of the Evidence

Finally, petitioner claims the evidence was insufficient to convict him of this incident.[2] It is the law of the Fifth Circuit that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Consequently, in order to prevail in a challenge to a disciplinary proceeding by way of federal habeas corpus, a petitioner must establish that there was no evidence to support the disciplinary adjudication. Petitioner cannot meet this burden as there clearly was some evidence, as demonstrated by the offense report, testimony of officer Edwards,

---

[2] Petitioner also alleges he is the victim of a conspiracy by TDCJ officers who have fabricated these charges. Such claims allege civil rights violations and are not cognizable in a federal habeas corpus action.

and the supporting witness statements of officers Marquez and Nielsen. According to the hearing officer's records, he relied on this testimony and these documents. This evidence constitutes "some evidence" sufficient to support the disciplinary conviction. Petitioner's claim must fail.

## IV.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner GERMAN RODRIGUEZ is without merit and should be, in all things, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of October 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any

objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).